NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIANA ASTRID VASQUEZ-CASTILLO;
MARIO CRISTOPHER GARCIA
VASQUEZ,

                Petitioners,

    v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.    20-72565

Agency Nos.    A208-175-115
                        A208-175-116

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2022**
Pasadena, California

Before:  CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,***
District Judge.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        ***        The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

Petitioner Diana Vasquez-Castillo[1], a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("Board") decision dismissing an appeal from an immigration judge order denying her applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and protection under Article III of the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the Board's factual findings under the deferential "substantial evidence" standard. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (reviewing nexus determination under substantial evidence standard); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), *superseded by statute on other grounds*, 8 U.S.C. § 1252(b)(4)(B). Under this standard, the petition for review must be denied if the Board's determination was "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Elias–Zacarias*, 502 U.S. at 481 (quoting 8 U.S.C. § 1105a(a)(4)). Petitioner bears the burden of proving she is eligible for asylum or withholding of removal. *See* 8 C.F.R. §§ 1208.13, 1208.16.

---

[1] Ms. Vasquez-Castillo's minor son was also listed as a derivative on her asylum application. We refer to Ms. Vasquez-Castillo as Petitioner.

Substantial evidence supports the Board's conclusion that Petitioner's subjective fear of gang retaliation upon her return to El Salvador is not objectively reasonable because her family continues to live safely and unharmed there. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (finding "[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"), superseded by statute on other grounds as stated in *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007).

Substantial evidence supports the Board's conclusion that Petitioner's fear of gang violence is unrelated to any protected ground and instead based on harm from criminals who are generally motivated by gang violence.[2] *See Elias-Zacarias*, 502 U.S. at 482 (affirming that persecution must be "on account of" a protected ground to warrant relief under the INA); *Zetino*, 622 F.3d at 1016 (a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Substantial evidence also supports the Board's conclusion that Petitioner failed to meet her burden to show the

---

[2] We need not consider whether Petitioner's particular social group, "member of her father's family," is cognizable because the nexus to a statutorily protected ground is independently dispositive of her claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)).

government is unable or unwilling to protect her from any purported harm. Other than speculative fear, Petitioner offered no objective evidence to support her allegation on that issue. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (finding petitioner's failure to report non-governmental persecution because of a belief that police would take no action did not establish that government was unwilling or unable to control the persecution).

Substantial evidence also supports the Board's conclusion that because Petitioner failed to meet her burden to establish eligibility for asylum, it necessarily follows that she cannot meet the higher burden that is required to establish eligibility for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) ("Since Zehatye could not establish her eligibility for asylum, the [Immigration Judge] properly concluded that she was not eligible for withholding of removal, which imposes a heavier burden of proof.").

Finally, substantial evidence supports the Board's conclusion that Petitioner failed to establish her CAT claim because she did not provide sufficient evidence to prove she is more likely than not to be tortured in El Salvador by or with the acquiescence of public officials. Petitioner provided a general report indicating that "[w]omen's rights NGOs claimed that many violent crimes against women occurred within the context of gang structures[.]" General reports like this one, without more, are insufficient to compel the conclusion that Petitioner is more likely than not to be

tortured.  *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) (finding that general reports indicating torture occurred in a petitioner's country, without more, did not "compel the conclusion that Almaghzar would be tortured if returned").

**PETITION DENIED.**